

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00394-CV

---

IN THE MATTER OF A.A.R., A CHILD

---

On Appeal from the County Court at Law No. 1
Williamson County, Texas
Trial Court No. 22-3488-FC1, Honorable Dawn Baardsen, Presiding

---

April 4, 2024

MEMORANDUM OPINION[1]

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Keaire Alvin Webb, pro se, filed this restricted appeal attacking an order declaring him the biological father of AAR, establishing conservatorship over the child, and designating child support obligations, i.e., "Order Establishing The Parent-Child Relationship." His brief is rife with citation to inapplicable federal statutes, rules, regulations, and other authorities.[2] And in many instances, the content of his argument

---

[1] Because this appeal was transferred from the Third Court of Appeals, we apply its precedent should it conflict with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

[2] For instance, Webb mistakenly invokes the Federal Rules of Civil Procedure and suggests standing principles under Article III of the United States Constitution control. Though such authority may have similarity to principles or rules adopted in Texas, the latter control here. Furthermore, Texas state courts are not created under Article III of the United States Constitution, as Webb seems to think.

is difficult to comprehend.  Nevertheless, after discerning the content of his argument as best we can, we affirm.

### Background

In December 2022, the Office of the Attorney General (OAG) filed a petition to establish the parent-child relationship between Webb and AAR, a child.  In it, the OAG asked the court to order parental testing, to appoint appropriate conservators and to order current and retroactive support.  On February 8, 2023, the court ordered Webb to submit to testing.  Through this same order, the court also scheduled a final hearing on the matter of parentage to be held on April 21, 2023, at 1:00 p.m.  The consideration of temporary orders was also scheduled for that day.  Of further note was a passage in the order stating:  "[t]he parties acknowledge they are entering a general appearance in this cause by their signatures on this order."  Webb's signature appeared on same, as did counsel prosecuting the cause and the child's mother, JFR, at the end of the order under "Approved."

JFR and representatives of the OAG appeared at the April 21 hearing.  Webb did not.  Thereafter, the trial court signed its order holding AAR to be Webb's child, designating conservatorship, and setting child support obligations.  Webb subsequently filed this restricted appeal challenging the aforementioned order.

### Applicable Law

To sustain a restricted appeal, the filing party must show that 1) he filed notice of the restricted appeal within six months after the judgment was signed; 2) he was a party to the underlying lawsuit; 3) he did not participate in the hearing that resulted in the judgment complained of or timely file any post-judgment motions or requests for findings of fact and conclusions of law; and 4) error is apparent on the face of the record.  *Ex parte*

2

*E.H.*, 602 S.W.3d 486, 495 (Tex. 2020).  Upon liberally construing appellant's brief, we find no properly briefed error apparent on the face of the record.

First, appellant questions, in a myriad of ways, the validity of citation upon and exercise of personal jurisdiction over him.  Yet, he generally appeared, as evinced on the face of the trial court's February 8, 2023 order directing him to submit to paternity testing.  Having generally appeared, he waived complaints about citation and personal jurisdiction.  *In re A.B.*, No. 07-22-00232-CV, 2023 Tex. App. LEXIS 545, at *2-3 (Tex. App.—Amarillo Jan. 26, 2023, no pet.) (mem. op.) (stating that a general appearance waives complaints about citation and personal jurisdiction).

Second, appellant questions the OAG's standing, in a myriad of ways, to initiate a suit to determine parentage, set child support, and collect same from delinquent parents.  Texas statute provides it with the requisite standing.  *See* TEX. FAM. CODE ANN. § 231.001 (designating OAG as the state's Title IV-D agency); § 102.007 (Title IV-D agency may file a child support action); § 231.101 (Title IV-D agency may provide paternity determination services and establish child support and medical support).

Third, appellant questions the trial court's subject matter jurisdiction over matters of parentage, conservatorship, child support, and support arrearage.  Statute again creates such jurisdiction.  When the OAG sues in a county that has a Title IV-D court, such as Williamson County, such cases are automatically transferred to the Title IV-D court.  TEX. FAM. CODE. ANN. § 201.101(d); *In re L.D.C.*, No. 13-17-00053-CV, 2018 Tex. App. LEXIS 10244, at *10-11 (Tex. App.—Corpus Christi Dec. 13, 2018, no pet.) (mem. op.).  And though the associate judge assigned to the Title IV-D court may not issue a final judgment, *id.* § 201.104(b), if its recommended order is not appealed to the referring court, it becomes final at that time.  *In re L.D.C.*, 2018 Tex. App. LEXIS 10244, at *10-11.

3

Thus, the Title IV-D court executing the order which Webb attacks had subject matter jurisdiction over the proceeding. And, being a court created under the authority of Texas law, it is not, as Webb suggests, a federal court without jurisdiction to entertain divorce or like family law proceedings. In short, his objections to subject matter jurisdiction are baseless.

Fourth, Webb's complaint about the absence of a jury trial is also baseless. Again, he made a general appearance in the cause, and nothing within the record illustrates he requested a jury trial prior to the April 21 hearing. The right to such a trial is not self-executing; one must take steps to perfect it. *In re Troy S. Poe Trust*, 646 S.W.3d 771, 778 (Tex. 2022). Webb neglected to show he took those steps.

Fifth, Webb next complains of the OAG's failure to comply with Federal Rule of Civil Procedure 17(a)(1). Federal rules of court procedure do not regulate proceedings transpiring in Texas state courts.

Sixth, Webb believes the trial court's order to be unenforceable under the doctrine of separation of powers. His argument seems to be premised on the theory that the Title IV-D associate judge issuing the order at issue was an "administrative judge" of some executive agency. Nothing was cited to support that proposition. Nor was the proposition accompanied by substantive analysis. Thus, it was waived due to inadequate briefing. TEX. R. APP. P. 38.1(i); *Vaclavik v. Di Addison*, No. 03-19-00528-CV, 2021 Tex. App. LEXIS 3308, at *2 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.); *Approximately $23,606.00 U.S. Currency v. State*, No. 07-19-00297-CV, 2020 Tex. App. LEXIS 2602, at *8 (Tex. App.—Amarillo Mar. 27, 2020, no pet.) (mem. op.). Yet, assuming it were not so waived, it remains baseless.

4

Associate judges act as an arm of the judiciary, as exemplified in *Office of Attorney Gen. v. C.W.H.*, 531 S.W.3d 178 (Tex. 2017). They assist courts in meeting various deadlines governing resolution of Title IV-D cases and are appointed to do so by the presiding judge of each judicial administrative region. *Id.* at 181. And, as expressed earlier, they may sign orders that generally are not final on the merits and recommend orders after a trial on the merits. *Id.* Their orders or judgments are also subject to de novo review by the referring court, if such a review is timely requested. *Id.* Associate judges being an arm of the judiciary tasked with assisting in the disposition of Title IV-D cases, their actions while addressing Title IV-D matters do not evince the performance of judicial duties by any branch of government other than the judiciary.

Seventh, Webb next seems to assert that the cause must be dismissed because the location of the court was not within Texas. The frivolity of his argument is illustrated through the understanding of Texas geography. The court sat in Williamson County. Williamson County sits within Texas borders. Thus, the court was and is located in Texas.

Eighth, Webb's comments about promissory estoppel somehow forming an impediment to imposition of the order under attack lack basis as well. Simply put, he never pleaded the defensive theory. *Brogan, Ltd. v. W. Charles Brogan P.A.*, No. 07-05-0290-CV, 2007 Tex. App. LEXIS 8125, at *31 (Tex. App.—Amarillo Oct. 11, 2007, pet. denied) (mem. op.) (describing promissory estoppel and a defensive plea). So, it was never before the trial court. Nor did he explain how its application resulted in error apparent of the face of the record.

Ninth, Webb's contention that the associate judge executing the order under attack lacked immunity is of no moment, either. Nowhere does he explain how immunity or the lack thereof constituted error on the face of the record. And, it is not our obligation to fill

5

the void left by him. This too is another instance of deficient briefing waiving the complaint. *Vaclavik*, 2021 Tex. App. LEXIS 3308, at *2.

Tenth, Webb alleged that a "governmental child support debt collection agency that is part of executive branch of state government or federal government is an act of executive imprisonment causing the dispossession of property without the required judgment by peers is considered oppressive and lawless." This somehow denied him due process and exposed him to cruel and unusual punishment. How being an "agency" "is an act of executive imprisonment" and why such purportedly evinced error appearing on the face of the record went unexplained. The same is true of his allusion that the order exposed him to cruel and unusual punishment. Indeed, a parent has a duty to support his child. TEX. FAM. CODE ANN. § 151.001(a)(3). Holding him to that duty is neither punishment nor cruel or unusual.

Eleventh, Webb finally argues that "[t]he United States District Court Denied the Defendant/Appellant, Webb, Request for Relief in its Entirety." Having no appellate jurisdiction over decisions of a United States District Court, that matter is not properly before us. And, assuming he was attempting to refer to the Williamson County Court at Law Number 1 in which the OAG filed its petition, he cites to no order denying him relief on any timely-filed, post-April 21 motion. Nor did we find one. So too does he fail to provide substantive analysis establishing error on the face of the record.

We overrule Webb's contentions and affirm the April 21, 2023 "Order Establishing the Parent-Child Relationship."

Brian Quinn
Chief Justice

6